**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BOARD OF TRUSTEES OF THE
OHIO LABORERS BENEFITS,**

          **Plaintiffs,**

    **v.**                                **Civil Action 2:25-cv-1381**
                                            **Judge Michael H. Watson**
                                            **Magistrate Judge Kimberly A. Jolson**

**STEVENS & SONS BUILDERS, LLC,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for an Order for Defendant and its Designated Representative to Appear and Show Cause Why They Should Not be Held in Contempt of Court (the "Show Cause Motion") (Doc. 13).  Plaintiffs filed an Application for Entry of Default against Defendant (Doc. 5), on December 30, 2025, and a Motion to Accelerate Discovery (Doc. 7) on January 21, 2026.  The Clerk entered default as to Defendant on January 7, 2026 (Doc. 6), and the Court granted Plaintiffs' Motion to Accelerate Discovery in its January 22, 2026 Order (Doc. 8).  Specifically, the Court ordered Defendant to respond to Plaintiff's requests for production and through a knowledgeable representative, appear for a deposition.  (*Id.*).

Although the Order was served on Defendant by certified mail, Defendant failed to comply with the Court's Order by not appearing for deposition and not producing documents.  (Docs. 11, 11-1, 12, 13).  Consequently, Plaintiffs filed the Show Cause Motion.  In it, Plaintiffs requested that the Court "conduct a hearing, ordering Defendant and its Designated Representative to appear and show cause why they should not be held in contempt of this Court's January 22, 2026 Order (Doc. 8); punished by fine, imprisonment, or both; and ordered to pay the expenses associated with this motion."  (Doc. 13 at 1–2).

The Undersigned issued a Show Cause Order directing Defendant and its Designated Representative "to appear and show cause why they should not be held in contempt of this Court's January 22, 2026 Order. (Doc. 14 at 2). In that Order, the Undersigned set a show cause hearing for May 7, 2026. (*Id.*). The Order advised that if Defendant and its Designated Representative failed to appear and show cause, "the Court may order the arrest of Defendant's Designated Representative." (*Id.*). Copies of that Order were sent to Defendant by certified mail. (Doc. 15).

On May 7, 2026, the Undersigned held a show cause hearing at 11:00 a.m. Despite having adequate notice of that hearing, Defendant and its Designated Representative did not appear. Having failed to comply with the Court's Orders (Docs. 8, 14), the Undersigned finds that civil contempt sanctions are appropriate.

"[I]ncarceration has long been established as an appropriate sanction for civil contempt." *Singh v. Capital Univ. Law & Graduate Ctr.*, 238 F.3d 424 (6th Cir. 2000) (collecting cases). "As used in the civil context, . . . incarceration must be conditional[.]" (*Id.*). Accordingly, to ensure Defendant's compliance with the Court's Orders, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion (Doc. 13) and **HOLD DEFENDANT and its DESIGNATED REPRESENTATIVE in CONTEMPT**. Specifically, if Defendant does not comply with the Court's January 22, 2026 Order (Doc. 8) within **TWENTY ONE DAYS** of the adoption of this Report and Recommendation, it is **RECOMMENDED** that the Court issue a warrant for the arrest of Defendant's Designated Representative until such time as Defendant complies with the Court's January 22, 2026 Order. The Court emphasizes that these sanctions are conditional and designed only to ensure Defendant's compliance. Defendant, therefore, may purge itself of its contempt, and avoid the above punishment, by working with Plaintiffs to resolve this matter.

2

Additionally, it is **RECOMMENDED** that the Court hold Defendant liable, regardless of its future action, for Plaintiffs' expenses and attorney's fees associated with its Show Cause Motion (Doc. 13), as compensation for Defendant's noncompliance.

The Clerk is **DIRECTED** to mail a copy of this Order, by regular and certified mail, to:

STEVENS & SONS BUILDERS, LLC
35247 STATE ROUTE 683
MCARTHUR, OH 45651-8683

The Clerk shall indicate on the docket the fact of that mailing.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the District Judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

3

IT IS SO ORDERED.


Date:  May 7, 2026                          /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

4